IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HEARTLAND FEEDERS, INC.,
d/b/a STAMPEDE FEEDERS,

        Plaintiff,

v.                                                      Case No.  21-1123-JWB

JOHN KELLEY,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant John Kelley's motion to dismiss. (Doc. 6.) The motion has been fully briefed and is ripe for decision. (Docs. 9, 11.) Defendant's motion is DENIED for the reasons stated herein.[1]

**I.    Facts and Matters Outside the Pleadings**

The facts set forth herein are taken from the allegations in the state court petition. (Doc. 1, Exh. A.) Plaintiff Heartland Feeders owns and operates a feedlot in Scott County, Kansas. According to the petition, Defendant delivered cattle to Plaintiff's feedlot. Defendant agreed to pay Plaintiff for the goods and services provided for the cattle including feed, water, and medical treatment. Defendant was also permitted to "hedge the cattle market through" Plaintiff. (Id. at 2.) Plaintiff then provided Defendant with monthly invoices detailing the goods and services provided, including hedging charges. Defendant has allegedly failed to pay the amounts due as agreed to by the parties. (*Id.*) According to the petition, Defendant has an outstanding balance of

---

[1] The court notes that Magistrate Judge Gale ordered Defendant to submit an affidavit regarding Plaintiff's domicile after determining the notice of removal did not sufficiently set forth this allegation. (Doc. 7.) Defendant subsequently submitted an affidavit. (Doc. 10.) Upon review, the court finds that the notice of removal and the affidavit sufficiently establish diversity jurisdiction in this matter.

1

$1,128,318.35.  Plaintiff attached a copy of the account receivable to the petition to support the amounts due under the parties' agreement.

Defendant now moves for dismissal on the basis that he was not the party that contracted with Plaintiff and has no obligation to pay the outstanding amount due.  (Doc. 6.)  In support of his motion for dismissal, Defendant attached three invoices and check stubs arguing that those exhibits reflect that Kelley Land & Cattle, LLC, is the party with whom Plaintiff entered into the relevant agreement.  Defendant is a member of Kelly Land & Cattle, LLC.  In response, Plaintiff attached more than one hundred pages of additional invoices purportedly showing that Defendant was the party that was billed for the costs at issue.  (Doc. 9-3.)  Plaintiff also attached promissory notes allegedly signed by the parties.  In his reply, Defendant included an affidavit authenticating the same exhibits attached to his initial motion.  (Doc. 11, Exh. 1.)

On a Rule 12(b)(6) motion, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Fed. R. Civ. P. 12(d).  Notwithstanding this rule, the court may consider the complaint itself and any attached exhibits or any documents incorporated by reference without converting the motion to one for summary judgment.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009); *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998) ("[C]ourts have broad discretion in determining whether or not to accept materials beyond the pleadings."); *GFF Corp. v. Assoc. Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997).  A court also "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."  *Id.* (citation omitted).  Here, however, the parties have not put forth a reason for the

2

court to consider these documents on a motion to dismiss. The court declines to do so and also declines to treat the motion as one for summary judgment at this early stage in the proceedings.

**II.     Standard**

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

**III.    Analysis**

To state a claim for breach of contract under Kansas law, Plaintiff must show: "(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) [] Plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) damages to Plaintiff caused by the breach." *Lawson v. Spirit AeroSystems, Inc.*, No. 18-CV-01100-EFM-KGS, 2018 WL 3973150, at *5 (D. Kan. Aug. 20, 2018) (citing *Stechschulte v. Jennings*, 297 Kan. 2, 298 P.3d 1083, 1098 (2013)). At issue in the motion to dismiss is whether Defendant entered into the agreement for services with Plaintiff. Defendant argues that the party who transacted with Plaintiff was in fact Kelley Land & Cattle, LLC, and that Plaintiff is attempting to "pierce the corporate veil" and make him liable for corporate debt. (Doc. 11 at 1-2.) Notably, Defendant states that he "has never personally done business with the Plaintiff *despite the allegations in the Plaintiff's petition*." (Doc. 6 at 1)

3

(emphasis supplied).  This court must consider the allegations in the petition when determining whether Plaintiff has sufficiently alleged a claim.

Plaintiff's petition clearly alleges that Defendant agreed to pay Plaintiff for the food, water, and medical care that Plaintiff provided to the cattle delivered by Defendant to Plaintiff's feedlot. Defendant failed to do so.  Based on the allegations set forth in the petition, Plaintiff has sufficiently stated a claim.  Defendant's arguments, which are based on the statements in his affidavit and the exhibits attached to his briefs, may be raised in a motion for summary judgment.

## IV.   Conclusion

Defendant's motion to dismiss (Doc. 6) is DENIED.

IT IS SO ORDERED.  Dated this 23rd day of July 2021.

                                            __s/ John W. Broomes_____
                                            JOHN W. BROOMES
                                            UNITED STATES DISTRICT JUDGE